DECISION
{¶ 1} Defendant-appellant, Stephen Massie, appeals his conviction in the Mason Municipal Court for driving under the influence (DUI).
 {¶ 2} A state highway patrol officer observed appellant's vehicle drifting back and forth across highway lanes. After stopping appellant, the officer noticed an odor of alcohol and that appellant's speech was slightly slurred. He also noticed appellant's face was red and that his eyes were bloodshot. At the officer's request, appellant got out of his vehicle and performed field sobriety tests. Appellant was arrested and charged with driving under the influence.
 {¶ 3} Appellant filed a motion to suppress evidence that included a request to suppress the field sobriety tests on both on the issue of probable cause and as evidence at trial. The trial court held a hearing on the motion to suppress. At the hearing, the parties stipulated that, for purposes of determining probable cause, the horizontal gaze nystagmus (HGN) test was not performed in strict compliance with the National Highway Traffic Safety Administration (NHTSA) standards. The state presented the testimony of the arresting officer, who testified that he performed the one-leg-stand test and the walk-and-turn test according to NHTSA standards. Before beginning his cross-examination of the officer, defense counsel asked to play a videotape of the stop. The trial court allowed the videotape to be shown and then stated: "We don't even need to go forward.[1] You guys have seen the tape. I just heard what the officer said. I'm not even gonna consider any of the other factors." The trial court then made a determination that there was probable cause to arrest appellant without even considering the evidence of the field sobriety tests. The trial court stated that its decision did not address whether the evidence would be admissible at trial and told defense counsel that it could file a motion in limine at a later time on that issue.[2]
 {¶ 4} Defense counsel then filed a motion in limine challenging the admissibility of the field sobriety tests at trial on the basis that they were not performed in strict compliance with NHTSA standards. At some point on the day of trial, the court held a hearing on the motion in limine. The court found that the issue of whether the tests were performed in strict compliance was an issue for the jury to decide and denied appellant's request to find them inadmissible at trial. The trial court further denied appellant's request to question the officer on the record outside of the jury regarding his administration of the tests.
 {¶ 5} At trial, the officer testified regarding each of the three field sobriety tests. His testimony included statements regarding what comprised each test, what the "clues" of intoxication for each test were, and appellant's results on the tests.
 {¶ 6} A jury convicted appellant of driving under the influence and the trial court sentenced him accordingly. Appellant now appeals his conviction and raises the following single assignment of error:
 {¶ 7} "The trial court erred to the prejudice of defendant-appellant when it permitted trial testimony regarding the horizontal gaze nystagmus test and the two field sobriety tests."
 {¶ 8} In State v. Homan, 89 Ohio St.3d 421, 2000-Ohio-212, the Ohio Supreme Court determined that in order for the results of field sobriety tests to be admissible on the issue of probable cause to arrest, the testing must have been conducted in strict compliance with NHTSA standards. In this case, the trial court found it unnecessary to determine if the tests were performed in strict compliance because it found probable cause existed to arrest appellant without consideration of the field sobriety tests. The court further failed to determine, at the time of the motion in limine, whether the one-leg and walk-and-turn tests were conducted in strict compliance.[3] Instead, it found that the issue was for the jury to determine. The trial court found that the jury would hear evidence regarding the HGN test, but would also hear that the test was not conducted in strict compliance because that fact had already been stipulated.[4]
 {¶ 9} While this case was on appeal, this court examined a closely related issue. In State v. Kirby, Butler App. No. CA2002-06-136, 2003-Ohio-2992, we found that while the results of field sobriety tests not conducted in strict conformity were inadmissible at trial, a police officer may testify regarding the defendant's demeanor and actions during testing. Recently, the Ohio Supreme Court explicitly extended its holding in Homan to admissibility at trial and held that the results of field sobriety tests not performed in strict compliance were inadmissible at trial. State v. Schmitt, 101 Ohio St.3d 79, 2004-Ohio-37, ¶ 8. The court also found, as did this court in Kirby, that, while the results themselves were inadmissible, a police officer may testify regarding his observations during performance of nonscientific standardized field sobriety tests. Id. at ¶ 15.
 {¶ 10} Thus, we find that the court's decision in Schmitt
conclusively determines the matter before us. If the field sobriety tests were not conducted in strict compliance with NHTSA standards, they were inadmissible at trial. As mentioned above, despite two separate hearings on the issue, the trial court failed to make a determination regarding the issue of whether the tests were, in fact, conducted in strict compliance. Instead, it improperly left that determination to the jury. Furthermore, such omission was material because the officer's testimony in this case went beyond his observations while conducting testing, and discussed the tests themselves and appellant's results. Because the trial court improperly allowed evidence of field sobriety tests without a determination that they were performed in strict compliance, we find appellant's assignment of error has merit.
 {¶ 11} Appellant's conviction is reversed and this case is remanded to the trial court. On remand, the trial court must hold a hearing on appellant's motion to suppress the field sobriety tests, and give appellant the opportunity to cross-examine the prosecution's witnesses and to present evidence. The trial court must then determine whether the field sobriety tests were performed in strict compliance with the NHTSA standards. If the court determines that any of the tests were not performed in strict compliance, evidence of that test result is inadmissible at trial.
Valen, P.J., Young and Walsh, JJ., concur.
[1] We note that the trial court's premature ruling precluded appellant from cross-examining the officer regarding the field sobriety tests. A criminal defendant is entitled to cross-examine the witnesses against him. Sixth Amendment to the United States Constitution; State v. Green,66 Ohio St.3d 141, 147, 1993-Ohio-26. Even though the trial court has the discretion to regulate the cross-examination, it may not do so in a way that hinders the Sixth Amendment right. Green at 147.
[2] Given the fact that the issue of whether field sobriety tests were conducted in strict compliance is an issue that can be determined outside the context of a trial, a motion to suppress would appear to be the proper method of challenging the admissibility of such evidence. See, generally, State v. Schmidt, 101 Ohio St.3d 79, 2004-Ohio-37 (trial court properly suppressed evidence at trial of field sobriety tests that were not conducted in strict compliance); see, also, State v. French,72 Ohio St.3d 446, 1995-Ohio-32 (motion to suppress is proper method of challenging chemical test results in trial for driving under the influence).
[3] We note that the trial court's comments on this issue at the motion in limine are confusing and contradictory to the transcript of the motion to suppress. Although the trial court stated at the second hearing that it had determined the other two field sobriety tests were conducted in strict compliance, no such determination was ever made.
[4] We note, however, that this stipulation was specifically limited only for a determination of whether probable cause to arrest existed.