OPINION
{¶ 1} Defendant-appellant, Jerry T. Agostini, appeals from his conviction and sentence in the Clermont County Court of Common Pleas for grand theft in violation of R.C. 2913.02(A)(3), a felony of the fourth degree. Appellant argues that: (1) the trial court erred in failing to dismiss the charge against him on the grounds that his statutory right to a speedy trial had been violated; (2) his conviction was not supported by sufficient evidence and was contrary to the manifest weight of the evidence; and (3) the trial court erred in imposing the maximum sentence against him on the grand theft charge and in ordering him to serve that sentence consecutive to his sentence on federal charges, without following the requisite sentencing guidelines.
 {¶ 2} In January 2002, appellant entered into a contract with Jim Walter Homes ("JWH"), wherein appellant agreed to purchase several modular homes from JWH, including the "American" and the "President 2." The sale was made with the understanding that appellant would resell the homes. Appellant was not required to pay for the homes until they were moved from JWH's lot in Union Township, in Clermont County, Ohio, but he could not obtain title to any of the homes until he paid its purchase price.
 {¶ 3} Appellant soon met a prospective buyer, James Waddell, who was seeking to develop land in Peebles, Ohio. On January 30, 2002, Waddell and his business partner, Ralph Brown, signed contracts with appellant for the purchase and delivery of the American and President 2 modular homes. Waddell and Brown paid appellant $60,000 for the two homes at the contract signing, with the first $55,000 being used for the homes' purchase price and the remaining $5,000 to be used as a down payment for the costs of moving the homes from JWH's lot to Peebles, Ohio. Waddell understood that the homes were to be delivered five or six weeks after the parties had signed the purchase and delivery contracts.
 {¶ 4} In February 2002, appellant opened a business account at Bank One in Indianapolis, Indiana. Several days later, appellant deposited two $10,000 checks into the account; the checks had been drawn on appellant's account with Bank One of Ohio. He then used those funds to purchase a $20,000 certified check from Bank One of Indiana, which issued the certified check without verifying whether appellant's account at Bank One of Ohio contained sufficient funds to guarantee payment. On February 28, 2002, the two $10,000 checks drawn on appellant's account with Bank One of Ohio were returned because there were insufficient funds in that account to cover them. On March 11, 2002, Bank One of Indiana stopped payment on the certified check.
 {¶ 5} In April 2002, appellant paid JWH with a $7,000 certified check for the American modular home. The $7,000 certified check cleared. In May 2002, appellant presented the $20,000 certified check to JWH as payment for the President 2. JWH accepted the certified check as payment, but when its bank presented it for payment, Bank One of Indiana initially refused payment. However, Bank One of Indiana eventually issued a new certified check to JWH to cover the one that they had stopped payment on, because JWH had "negotiated the [certified check] believing it to be sufficient," and they believed that they were "legally obligated to uphold the issuance of the official check."
 {¶ 6} In the meantime, Waddell and Brown did not receive the modular homes they had purchased from appellant, which were due to be delivered sometime in March 2002. When Waddell contacted appellant to see where his homes were, appellant told him that the delays were caused by the inclement weather. Waddell then received additional excuses from appellant over a period of several weeks. Waddell subsequently learned that appellant's telephone had been disconnected. Waddell then contacted police.
 {¶ 7} On March 19, 2003, appellant was indicted by the Clermont County Grand Jury on one count of grand theft in violation of R.C. 2913.02(A)(3). On July 31, 2003, appellant was arrested in Lee County, Florida, on the basis of the March 19, 2003 indictment, as well as on a second Clermont County indictment for theft. These two indictments were not consolidated for trial.
 {¶ 8} On August 21, 2003, appellant was taken into custody by Ohio authorities. On August 22, 2003, he was arraigned on the charges set forth in the March 19, 2003 indictment. From August 29, 2003 to November 17, 2003, appellant waived his speedy trial rights. On November 17, 2003, the case was continued to March 17, 2004 for a jury trial.
 {¶ 9} On December 12, 2003, appellant's counsel moved to withdraw from the case. That motion was granted on January 14, 2004.
 {¶ 10} On March 10, 2004, the state moved to continue the trial date to allow it to secure the attendance of one of its key witnesses who was out of the state. On March 22, 2004, the trial court granted the state's motion and continued the trial to June 30, 2004.
 {¶ 11} On June 3, 2004, appellant moved to dismiss the charge in the March 19, 2003 indictment on grounds that his rights to a speedy trial had been violated. After holding a hearing on the motion, the trial court overruled appellant's motion.
 {¶ 12} On June 30 and July 1, 2004, appellant was tried by jury on the March 19 indictment. The jury convicted appellant of the charge on which he was indicted. The trial court ordered appellant to serve 18 months in prison and further ordered him to serve that sentence consecutive to a 33-month federal sentence that had been imposed upon him.
 {¶ 13} Appellant now appeals from his conviction and sentence on the charge of grand theft, assigning the following as error:
 {¶ 14} Assignment of Error No. 1:
 {¶ 15} "THE TRIAL COURT ERRED WHEN IT OVERRULED AGOSTINI'S MOTION TO DISMISS HIS INDICTMENT ON SPEEDY TRIAL GROUNDS."
 {¶ 16} Appellant argues that the charge against him should have been dismissed when the state violated his statutory right to a speedy trial by failing to bring him to trial within 270 days after his arrest, as required by R.C. 2945.71(C)(2). We disagree with this argument.
 {¶ 17} Initially, appellant implicitly concedes that the triple-count provision in R.C. 2945.71(E) does not apply in this case. The "triple-count" provision in R.C. 2945.71(E) provides that "[f]or purposes of computing time under [R.C. 2945.71(C)(2)], each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." However, the triple-count provision applies only when the defendant "is held in jail in lieu of bail on the pendingcharge." (Emphasis added.) R.C. 2945.71(E).
 {¶ 18} In this case, the record shows that appellant was being held in jail on another theft indictment that had been handed down against him in Clermont County, as well as on at least two holders after his arrival in Clermont County. Thus as appellant implicitly concedes, the state had 270 days after his arrest on the grand theft charge to bring him to trial on that charge. R.C. 2945.71(C)(2).
 {¶ 19} As noted, R.C. 2945.71(C)(2) provides that a person against whom a felony charge is pending must be brought to trial within 270 days after his arrest. Appellant was arrested on July 31, 2003. His trial commenced 335 days later on June 30, 2004, which was 65 days after the 270-day limit had run. However, appellant acknowledges that he waived his speedy trial rights from August 29, 2003 to November 17, 2003 — a period of 80 days. R.C. 2945.72 provides that the time within which an accused must be brought to trial may be extended for "[t]he period of any continuance granted on the accused's own motion[.]" R.C. 2945.72(H). When that 80-day period is assessed against appellant rather than the state for purposes of computing the time it took to bring appellant to trial, it is apparent that appellant was brought to trial in a timely manner, notwithstanding his contentions to the contrary. Furthermore, several of the other continuances and delays that took place appear to have been properly chargeable against appellant, as well, but given what we have already found with regard to the 80-day period, we need not rule on these issues.
 {¶ 20} Appellant's first assignment of error is overruled.
 {¶ 21} Assignment of Error No. 2:
 {¶ 22} "THE JUDGMENT OF CONVICTIONS IS CONTRARY TO LAW AND TO THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, IN THAT THERE WAS INSUFFICIENT EVIDENCE ADDUCED TO ESTABLISH EACH AND EVERY ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT."
 {¶ 23} Appellant argues that his conviction for grand theft was not supported by sufficient evidence, since the state "failed to prove that Waddell was deprived of anything," or that he used deception dealing with Waddell or others in this case. We disagree with this argument.
 {¶ 24} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. In order to preserve the right to appeal his or her conviction on grounds that it was not supported by sufficient evidence, a criminal defendant must file a timely motion for an acquittal pursuant to Crim.R. 29(A). State v. Roe (1989), 41 Ohio St.3d 18, 25.
 {¶ 25} In this case, the record shows that appellant never raised a Crim.R. 29 motion in a timely manner during the trial proceedings; therefore, he waived his right to raise the issue on appeal. State v.Russ (June 26, 2000), Clermont App. No. CA99-07-074. Furthermore, even if appellant had raised a Crim.R. 29 motion for acquittal, he still would not have prevailed on his sufficiency of the evidence claim. R.C. 2913.02
states in relevant part:
 {¶ 26} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 27} "* * *
 {¶ 28} "(3) By deception[.]"
 {¶ 29} "`Deception' means knowingly deceiving another or causing another to be deceived by any false or misleading representation, * * * or by any conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact." R.C. 2913.01(A). `Deprive' is defined to include, `[a]ccept[ing], us[ing], or appropriat[ing] money, property, or services, with purpose not to give proper consideration in return for the money, property, or services, and without reasonable justification or excuse for not giving proper consideration.'" R.C. 2913.01(C)(3).
 {¶ 30} In this case, there was ample evidence presented to support appellant's conviction for the offense of grand theft by deception, pursuant to R.C. 2913.02(A)(3). The evidence showed that appellant persuaded Waddell and Waddell's business partner, Ralph Brown, to give him $60,000 to purchase two modular home that he promised would be delivered to them in Peebles, Ohio, in five or six weeks. Appellant never delivered the homes to Peebles, Ohio, as he had promised. Waddell did eventually receive the American modular home, after he arranged to have it delivered by a third party. At the time of trial, Waddell could not make arrangements to move the President 2, but he did apparently have access to it. However, the fact that Waddell's and Brown's losses were limited as a result of these facts was not due to anything appellant did, but rather to the fact that JWH made good on the promises that had been made to them by appellant. Additionally, JWH's losses arising from the $20,000 certified check were covered by Bank One of Indiana, and not by appellant. Most importantly, Waddell and Brown did lose $5,000 in moving expenses that they had paid up front to appellant. Under these facts, we find unpersuasive appellant's contention that there was no proof that Waddell had been deprived of anything or that he had used deception to deprive Waddell and his business partner, Brown, of their property. We conclude that there was sufficient evidence presented on each of the elements of the offense of theft by deception in violation of R.C.2913.02(A)(3) to support appellant's conviction on that offense.
 {¶ 31} Appellant's second assignment of error is overruled.
 {¶ 32} Assignment of Error No. 3:
 {¶ 33} "THE JUDGMENT OF CONVICTION IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 34} Appellant argues that is conviction for grand theft was against the manifest weight of the evidence. In support, he cites the same arguments he cited in support of his claim that there was insufficient evidence to support his conviction. We reject them for the same reasons that we rejected them earlier. We see no evidence that the "jury lost its way" in resolving conflicts in the evidence. See State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52. We conclude that the jury's verdict convicting appellant of the offense of grand theft was not contrary to the manifest weight of the evidence.
 {¶ 35} Appellant's third assignment of error is overruled.
 {¶ 36} Assignment of Error No. 4:
 {¶ 37} "THE TRIAL COURT ERRED WHEN IT IMPOSED A MAXIMUM CONSECUTIVE SENTENCE UPON THE APPELLANT WITHOUT FOLLOWING THE SENTENCING GUIDELINES."
 {¶ 38} Appellant argues that the trial court erred in imposing the maximum sentence against him and in ordering him to serve that sentence consecutive to a federal sentence that had been imposed upon him. We disagree with both of these arguments.
 {¶ 39} R.C. 2929.14(C) allows a sentencing court to impose the maximum sentence upon several different types of offenders, including those "who pose the greatest likelihood of committing future crimes." In this case, the trial court read into the record at the sentencing hearing, parts of appellant's lengthy criminal record, which includes the fact that he has been arrested over 40 times in his life. The trial court also noted the probation department's assessment that appellant has never taken responsibility for his actions, and noted that it seemed like a "fair assessment." A review of the record at the sentencing hearing shows that the trial court made the necessary findings under R.C. 2929.14(C) to impose the maximum sentence on appellant, and that the trial court gave its reasons for doing so. Therefore, we conclude that the trial court did not err in imposing the maximum sentence on appellant.
 {¶ 40} Appellant also contends that the trial court erred in ordering him to serve his sentence on the grand theft charge consecutive to his sentence on federal charges, arguing that the trial court failed to make the necessary findings to justify the imposition of consecutive sentence and did not state sufficient supporting reasons for its decision to impose consecutive sentences. We disagree with this argument.
 {¶ 41} In this case, the trial court made all of the findings required by R.C. 2929.14(E)(4), including that consecutive sentences were necessary to protect the public from future crime by appellant and to punish appellant; that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public, and that appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him. See R.C. 2929.14(E)(4)(c). Furthermore, despite appellant's arguments to the contrary, the trial court did provide an explanation for its conclusion that consecutive sentences were necessary to protect the public from future crime by appellant, by noting that its finding was based upon the fact that "he poses the maximum likelihood of recidivism." The record supports the trial court's determination. Under these facts of this case, we conclude that the trial court did not err in imposing consecutive sentences on appellant.
 {¶ 42} Appellant's fourth assignment of error is overruled.
Judgment affirmed.
Young and Bressler, JJ., concur.