OPINION
{¶ 1} Defendant-appellant, Billy Joe Colston, appeals his conviction in the Clermont County Court of Common Pleas for driving while under the influence of alcohol or drugs ("DUI"), vandalism, assault on a police officer, and ethnic intimidation. On appeal, he argues that the trial court improperly denied him new counsel, the indictment was defective, there was insufficient evidence to convict him of DUI, and the trial court improperly imposed maximum sentences. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} On June 26, 2004, Calvin and Shawnda Powell and their three children were traveling down State Route 125 in Clermont County. Appellant pulled his vehicle beside the vehicle occupied by the Powells. Appellant proceeded to yell at the Powells, an interracial couple, calling Mr. Powell a "nigger" and Mrs. Powell a "nigger lover." He threatened to shoot the Powells as well as their children, and made movements that caused the Powells to believe he was reaching for a gun. Appellant also swerved his car toward the Powells' vehicle, causing it to veer into the oncoming traffic lane. After this confrontation continued for a time, Calvin Powell dialed 9-1-1 and made appellant aware that he was doing so. Appellant then sped off. A passing motorist who observed appellant verbally harassing the Powells and driving erratically also dialed 9-1-1 to report appellant's actions.
 {¶ 3} Moments after the 9-1-1 calls were placed, police officers arrived and stopped appellant's vehicle. The Powells followed appellant's vehicle at a distance until the stop in order to relay their encounter with appellant to the officers. During the stop, appellant denied consuming alcohol, but admitted to smoking "ten joints" that day. Three testifying police officers stated that appellant strongly smelled of alcohol, was staggering, fell repeatedly, and slurred his speech. One officer administered field sobriety tests, noting that appellant had difficulty keeping his balance.
 {¶ 4} Appellant was subsequently arrested for DUI, at which time he resisted the officers. Appellant shouted and cursed at the officers, spit on them, and continually kicked at them, ultimately inflicting injuries on three officers. Appellant continued to behave belligerently while en route to the Clermont County jail, and purposefully damaged the interior of the police cruiser carrying him. The transporting officer testified that this combative behavior prevented him from offering appellant a Breathalyzer test.
 {¶ 5} Following these events, appellant was charged with driving while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1), a first-degree misdemeanor; vandalism in violation of R.C. 2909.05(B)(2), a fifth-degree felony; three counts of assault on a police officer in violation of R.C. 2903.13(A), a fourth-degree felony; and ethnic intimidation in violation of R.C. 2927.12(A), a fifth-degree felony. On September 16, 2004, a jury found him guilty on all counts, and he was sentenced accordingly. Appellant timely filed notice of appeal, raising four assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED BY REFUSING TO ALLOW FOR THE APPOINTMENT OF NEW DEFENSE COUNSEL DUE TO THE BREAKDOWN IN COMMUNICATION BETWEEN COUNSEL AND CLIENT."
 {¶ 8} In his first assignment of error, appellant alleges that the trial court wrongly denied his request for new counsel where there was a total lack of communication between him and his attorney which prevented his attorney from preparing an adequate defense.
 {¶ 9} Appellant was found indigent and was appointed counsel for this case. "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate `good cause' to warrant substitution of counsel." State v.Cowans, 87 Ohio St.3d 68, 72, 1999-Ohio-250, citing UnitedStates v. Iles (1990), 906 F.2d 1122, 1130. A complete breakdown in communication between an attorney and his client is one such example of "good cause." State v. Blankenship (1995),102 Ohio App.3d 534, 558. We review the trial court's denial of a request for substitute counsel for an abuse of discretion. Cowans at 72-73. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable. State v. Adkins
(2001), 144 Ohio App.3d 633, 644.
 {¶ 10} A review of the record in the instant case reveals that appellant failed to demonstrate that there was such a breakdown in communication between him and his attorney as to warrant substitution of counsel. The record reflects that appellant and his attorney discussed evidence, discovery, appellant's appearance at trial, trial procedure, a plea offer, and witness issues. Because this constitutes communication, we cannot find that there was a complete breakdown in communication between appellant and his attorney. Accordingly, the trial court's refusal to order new counsel was not so unreasonable, arbitrary, or unconscionable as to amount to an abuse of discretion. Appellant's first assignment of error is overruled.
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "THE INDICTMENT WAS INSUFFICIENT TO CHARGE ETHNIC INTIMIDATION."
 {¶ 13} In his second assignment of error, appellant argues that his indictment was insufficient to charge ethnic intimidation due to its failure to list the elements of the underlying offense.
 {¶ 14} Count six of appellant's indictment read as follows: "Billy J. Colston * * * violated section 2903.21, 2903.22,2909.06, 2909.07, or division (A) (3), (4), or (5) of section2917.21 of the Revised Code, by reason of the race, color, religion or national origin of another person, contrary to and in violation of section 2927.12(A) of the Revised Code * * *." Here, the potential predicate offenses relied upon by the state were aggravated menacing (R.C. 2903.21) and menacing (R.C. 2903.22).
 {¶ 15} On appeal, appellant argues that the trial court did not retain subject matter jurisdiction over the ethnic intimidation charge due to the omission of material elements from the charge in the indictment. State v. Cimpritz (1953),158 Ohio St. 490, paragraph six of the syllabus. Specifically, appellant contends that the failure of the indictment to list the elements of the predicate offense of menacing or aggravated menacing rendered the indictment insufficient to charge ethnic intimidation and as such his conviction is void. Id. Although appellant failed to attack the validity of the indictment prior to trial,[1] a challenge involving subject matter jurisdiction may be raised on direct appeal. See Crim.R. 12(C)(2).
 {¶ 16} One purpose of an indictment is to require the state to aver all material facts constituting the essential elements of an offense, and thereby provide the accused with adequate notice and an opportunity to defend. State v. Sellards (1985),17 Ohio St.3d 169, 170. Crim.R. 7(B) permits an indictment to be written "in the words of the applicable section of the statute * * *."Landrum at 119. Appellant urges us to adopt the position espoused by the Eighth District holding that mere reference to the numerical designation of the statute for the underlying offense, without listing the elements of that offense, is insufficient to support an indictment on ethnic intimidation. SeeState v. Buehner, 161 Ohio App.3d 546, 2005-Ohio-2828, ¶ 5, appeal allowed State v. Buehner, 107 Ohio St.3d 1406,2005-Ohio-5859.
 {¶ 17} Upon careful scrutiny, however, we conclude that the statutory language defining the offense of ethnic intimidation does not require that the indictment list the elements of the underlying crime. State v. Murphy (1992), 65 Ohio St.3d 554, 583; Buehner at ¶ 15 (Gallagher, J., dissenting). Rather, an indictment on ethnic intimidation is sufficient if the accused is provided with adequate notice and the means of identifying the nature of the underlying crime he is alleged to have committed.State v. Frazier, 73 Ohio St.3d 323, 332, 1995-Ohio-235. The indictment need only indicate the predicate offense to give the accused notice thereof, and is not fatally flawed where it omits a listing of the elements of the underlying offense. Murphy at 583; Buehner at ¶ 15-16 (Gallagher, J., dissenting).
 {¶ 18} Here, appellant was provided with sufficient notice of the ethnic intimidation charge because the indictment followed the words of the statute and enumerated the predicate offenses upon which such a charge may be based. Frazier at 332. In addition, prior to trial the state provided appellant with a bill of particulars which explicitly apprised appellant of the two predicate offenses upon which the state based the charge of ethnic intimidation. Murphy at 583. The bill of particulars identified the precise conduct, R.C. 2903.21 (aggravated menacing) and R.C. 2903.22 (menacing), by which appellant was alleged to have violated R.C. 2927.12(A) (ethnic intimidation).Murphy at 583. Moreover, the trial judge submitted detailed instructions to the jury on menacing and aggravated menacing.Bahm v. Pittsburgh Lake Eric Rd. Co. (1966),6 Ohio St.2d 192, 194.
 {¶ 19} We also observe that appellant neglected to argue that he was prevented from preparing an adequate defense or that he was otherwise prejudiced as a result of the omission of the elements of the underlying offense in the indictment. Frazier
at 332. Finally, we note that our decision in In re: J.W.,
Butler App. Nos. CA2004-02-036, CA2004-03-061, 2004-Ohio-7139, cited by appellant, did not require us to address the issue at hand and is factually distinguishable.
 {¶ 20} Based on the foregoing considerations, we find that the indictment was sufficient to charge ethnic intimidation. Appellant's second assignment of error is overruled.
 {¶ 21} Assignment of Error No. 3:
 {¶ 22} "THERE WAS INSUFFICIENT EVIDENCE UPON WHICH TO CONVICT THE DEFENDANT."
 {¶ 23} In his third assignment of error, appellant contends that there was insufficient evidence to sustain his conviction for DUI in violation of R.C. 4511.19(A)(1) due to the state's failure to demonstrate substantial compliance with the standardized testing procedures by the police officer who administered the tests.
 {¶ 24} When an appellate court reviews a claim that a conviction is not supported by sufficient evidence, its inquiry focuses primarily upon whether, as a matter of law, the evidence presented at trial is legally sufficient to sustain a verdict.State v. Thompkins (1997), 78 Ohio St.3d 380, 386; State v.Dunn (July 24, 2000), Butler App. Nos. CA99-07-135, CA990-7-136, at 7. In reviewing the record for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds in State v. Smith (1997),80 Ohio St.3d 89, 1997-Ohio-355.
 {¶ 25} On appeal, the state concedes that the method of administration of the field sobriety tests was not introduced at trial and as such the results of the tests were not properly admitted. See R.C. 4511.19(D)(4)(b). Appellant neither filed a motion to suppress[2] these results prior to trial nor submitted an objection to them during trial. Nonetheless, appellant's attorney preserved the sufficiency of the evidence issue for appeal by submitting a Crim.R. 29(A) motion for acquittal at the close of evidence. Cf. State v. Agostini,
Clermont App. No. CA2004-09-075, 2005-Ohio-5371, ¶ 25; State v.Terry, Fayette App. No. CA2001-07-012, 2002-Ohio-4378, ¶ 9. Counsel for appellant submitted this motion on the basis that there was insufficient evidence to show that appellant was under the influence of alcohol and that there was no testimony as to the method of administration of the field tests.
 {¶ 26} Because there was other evidence from which a reasonable mind could conclude beyond a reasonable doubt that appellant was driving while under the influence of alcohol or drugs, we need not resolve the issue of the propriety of the admission of the test results. Even where the results of nonscientific standardized tests are themselves inadmissible, a police officer may testify regarding his observations during the administration of field sobriety tests. State v. Schmitt,101 Ohio St.3d 79, 2004-Ohio-37, ¶ 14-15. In the case sub judice, the officers testified that appellant strongly smelled of alcohol, was staggering when he exited his vehicle, had trouble keeping his balance, and fell repeatedly. The police also found an open beer can in appellant's vehicle. The evidence of appellant's intoxication is not limited to police observations, however. Both Calvin and Shawnda Powell testified that appellant could not keep his balance and frequently fell down. In addition, appellant admitted to police that he smoked "ten joints" on the day of the incident.
 {¶ 27} In light of the aforementioned facts, we conclude that the evidence is legally sufficient to sustain appellant's conviction for DUI. Appellant's third assignment of error is overruled.
 {¶ 28} Assignment of Error No. 4:
 {¶ 29} "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT IN EXCESS OF THE TERM OF IMPRISONMENT TO WHICH IT COULD SENTENCE THE DEFENDANT BASED SOLELY UPON THE FACT OF DEFENDANT'S CONVICTION, BUT, INSTEAD, RELIED UPON FACTS NEITHER PROVEN BEYOND A REASONABLE DOUBT NOR ADMITTED TO BY THE DEFENDANT, IN VIOLATION OF BLAKELY v. WASHINGTON (2004), 542 U.S. ___ (sic), 159 L.ED.2D 403."
 {¶ 30} In his fourth assignment of error, appellant insists that the trial court relied on facts not found by the jury in imposing nonminimum sentences and thereby violated the rule set forth in Blakely v. Washington (2004), 542 U.S. 296.
 {¶ 31} This court has previously held that the imposition of nonminimum sentences under Ohio's sentencing scheme does not violate a defendant's right to a jury trial as contemplated byBlakely and its progeny. See State v. Combs, Butler App. No. CA2000-03-047, 2005-Ohio-1923, ¶ 58; State v. Farley, Butler App. No. CA2004-04-085, 2005-Ohio-2367, ¶ 43 (Combs' holding that maximum term within statutory range does not violate the Constitution "leads to the natural and necessary conclusion that the imposition of a nonminimum sentence within the statutory range is also constitutionally sound"). Based on our prior holdings, we find no error in the trial court's imposition of a prison term greater than the minimum on each count. Appellant's fourth assignment of error is overruled.
 {¶ 32} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.
[1] Appellant also claims that defense counsel's failure to raise the allegedly defective indictment constituted ineffective assistance of counsel. See Strickland v. Washington (1984),466 U.S. 668, 687. However, due to our conclusion that the indictment was not defective, appellant's argument is moot. Appellant could not suffer prejudice on the basis of a defective indictment where the indictment was in fact valid.
[2] In State v. Massie, Warren App. No. CA2002-11-126,2004-Ohio-506, ¶ 3 fn2, this court observed that "* * * the issue of whether field sobriety tests were conducted in [substantial] compliance is an issue that can be determined outside the context of a trial, [and so] a motion to suppress would appear to be the proper method of challenging the admissibility of such evidence." Cf. State v. Edwards, 107 Ohio St.3d 169, 2005-Ohio-6180, ¶11-13.