The STATE of Ohio, Appellant,

v.

BUEHNER, Appellee.

[Cite as State v. Buehner, 161 Ohio App.3d 546, 2005-Ohio-2828.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 84985.

Decided June 9, 2005.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kelley J. Barnett, Assistant Prosecuting Attorney, for appellant.

David L. Doughten and Patricia J. Smith, for appellee.

COONEY, Presiding Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the trial court's dismissal of the indictment against defendant-appellee, Richard Buehner, for ethnic intimidation in violation of R.C. 2927.12. Finding no merit to the appeal, we affirm.

{¶ 2} On April 2, 2004, Buehner was indicted[1] on one count of ethnic intimidation. The indictment stated that the Cuyahoga County Grand Jury found that Buehner violated "Section 2903.21 of the Revised Code by reason of race, color, religion, or national origin of another person or group of persons."

{¶ 3} Buehner moved to dismiss the indictment on the grounds that it failed to list the elements of R.C. 2903.21, thereby depriving him of sufficient notice of the charge against him. The trial court granted the motion.

{¶ 4} In its sole assignment of error, the state argues that the trial court abused its discretion in dismissing the indictment as defective. The state contends that the indictment provided Buehner with sufficient notice of the offense. To the extent that the indictment did not spell out the elements of R.C. 2903.21, the state claims that that information was available through discovery. Further, the state argues that other courts have found that indictments are sufficient when they refer to other statutes, without specifically setting forth the language of those statutes. See *State v. Saunders* (Dec. 1, 1993), Ross App. No. 1896, 1993 WL 524968; *State v. Houseman* (June 23, 1992), Allen App. No. 1–92–23, 1992 WL 142382.[2]

{¶ 5} However, this court has previously addressed this same issue and held that using the numerical designation of an applicable criminal statute did not cure the defect in failing to charge all the material elements of a crime. *State v. Wisniewski* (Nov. 9, 2000), Cuyahoga App. No. 77152, 2000 WL 1689714, citing *State v. Burgun* (1976), 49 Ohio App.2d 112, 118–120, 3 O.O.3d 177, 359 N.E.2d 1018. See, also, *State v. Headley* (1983), 6 Ohio St.3d 475, 478–479, 6 OBR 526, 453 N.E.2d 716 ("Where one of the vital elements identifying the crime is omitted from the indictment, it is defective and cannot be cured by the court as such a procedure would permit the court to convict an accused on a charge essentially different from that found by the grand jury"). In explaining why a mere

---

1. Buehner was originally indicted in December 2003 for the same offense. However, because the indictment failed to state the victim's name, the trial court granted Buehner's motion to dismiss. The state subsequently reindicted Buehner on the same charge.

2. However, the indictments at issue in those cases identified the underlying offense by name, i.e., theft offense, in addition to citing the applicable statute. In the instant case, the words "aggravated menacing" did not appear in the indictment.

reference to R.C. 2903.21 was insufficient to support an indictment on ethnic intimidation under R.C. 2927.12, this court stated:

The crime of ethnic intimidation occurs when a person commits a specified predicate offense by reason of race, color, religion, or national origin. The degree of the ethnic intimidation offense depends upon the degree of the underlying predicate offense. R.C. 2927.12 provides as follows:

(A) No person shall violate section 2903.21, 2903.22, 2909.06, or 2909.07, or division (A)(3), (4), or (5) of section 2917.21 of the Revised Code by reason of race, color, religion, or national origin of another person or group of persons.

(B) Whoever violates this section is guilty of ethnic intimidation. Ethnic intimidation is an offense of the next higher degree than the offense the commission of which is a necessary element of ethnic intimidation.

The ethnic intimidation offenses the prosecution attempted to charge were fifth degree felonies because the underlying offenses of aggravated menacing were first degree misdemeanors.

Under *Burgun*, to effectively charge an accused with the crime of ethnic intimidation, however, the prosecution must charge all material elements of the crime. The prosecution cannot effectively charge an accused with this offense by simply reciting Revised Code section numbers * * *.

\* \* \*

The failure of the grand jury indictments * * * to specify any of these elements of the predicate offenses of aggravated menacing, rendered defective the charges of ethnic intimidation.

*Wisniewski*, supra.

{¶ 6} In light of this court's decision in *Wisniewski*, we overrule the state's sole assignment of error.[3]

Judgment affirmed.

KARPINSKI, J., concurs.

GALLAGHER, J., dissents.

GALLAGHER, Judge, dissenting.

{¶ 7} I respectfully dissent from the majority opinion. I do not believe that an indictment that clearly follows the language of the charged offense must also list the elements of a predicate offense that has been identified.

---

3. The state did not appeal our decision in *Wisniewski,* nor did it seek to certify a conflict.

{¶ 8} In this case, Buehner was indicted on a charge of ethnic intimidation in violation of R.C. 2927.12. The ethnic intimidation statute provides:

(A) No person shall violate section 2903.21, 2903.22, 2909.06, or 2909.07, or division (A)(3), (4), or (5) of section 2917.21 of the Revised Code by reason of the race, color, religion, or national origin of another person or group of persons.

(B) Whoever violates this section is guilty of ethnic intimidation. Ethnic intimidation is an offense of the next higher degree than the offense the commission of which is a necessary element of ethnic intimidation.

R.C. 2927.12.

{¶ 9} The predicate offense for the ethnic intimidation charge in this case was R.C. 2903.21, aggravated menacing. Specifically, the indictment provided that Buehner "did violate Section 2903.21 of the Revised Code by reason of race, color, religion, or national origin of another person or group of persons."

{¶ 10} After being indicted, Buehner filed a motion for a bill of particulars. The state provided Buehner with a bill of particulars and discovery responses that further described the offense charged. Nevertheless, the trial court dismissed the indictment, finding that it was defective because it did not spell out the elements of the predicate offense and that merely citing a statute was not proper.

{¶ 11} R.C. 2941.05 sets forth what information an indictment or other charging instrument must contain. The statute provides:

In an indictment or information charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged.

{¶ 12} The Supreme Court of Ohio has held that an indictment meets constitutional requirements if it, " 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.' " *State v. Childs* (2000), 88 Ohio St.3d 558, 565, 728 N.E.2d 379, quoting *Hamling v. United States* (1974), 418 U.S. 87, 117–118, 94 S.Ct. 2887, 41 L.Ed.2d 590. In this case, the indictment clearly set forth the essential elements of the offense with which Buehner was charged, ethnic intimidation. One of the essential elements of this crime is that the defendant

violate one of the predicate offenses set forth in the ethnic intimidation statute. However, it is the predicate statute itself, not the elements of the predicate offense, that is an essential element of the primary offense.

{¶ 13} In *State v. Landrum* (1990), 53 Ohio St.3d 107, 119, 559 N.E.2d 710, the court held that Crim.R. 7(B) authorizes indictments to utilize the words of the applicable section of the statute. There is no requirement that the elements of an underlying charge or predicate offense be set forth in the indictment, especially when a bill of particulars may be used to obtain additional information. See *State v. Murphy* (1992), 65 Ohio St.3d 554, 583, 605 N.E.2d 884; *State v. Smith*, Cuyahoga App. No. 83007, 2004-Ohio-3619, 2004 WL 1532296. The state is not required to list each element of the underlying crime, so long as the indictment provides the accused with sufficient notice and the means of identifying the nature of the underlying crime the accused is alleged to have committed. *State v. Martin* (June 26, 1998), Lake App. No. 96–L–157, 1998 WL 553011.

{¶ 14} Thus, an indictment that employs substantially the same words of a statute describing the offense is sufficient to provide a defendant with notice of the offense with which he is charged. *State v. Houseman* (June 23, 1992), Allen App. No. 1–92–23, 1992 WL 142382. Moreover, when a statute sets forth a predicate offense that must be violated, an indictment is not fatally flawed when it refers to that statute for the predicate offense without specifically identifying the elements of that offense. Id.; see, also, *State v. Nieves* (Feb. 26, 1997), Lorain App. No. 96CA006379, 1997 WL 89213; *State v. Saunders* (Dec. 1, 1993), Ross App. No. 1896, 1993 WL 524968.

{¶ 15} In this case, the indictment language followed the words of the ethnic-intimidation statute, R.C. 2927.12. It identified one of the predicate offenses listed, R.C. 2903.21. Nothing in R.C. 2927.12 requires the words or elements of the predicate offense to be included; it simply requires the statutory section of the predicate offense to be identified.

{¶ 16} The indictment was clearly sufficient to provide Buehner with notice of the offense charged against him. It is also clear from the record that the state provided Buehner with a bill of particulars and discovery responses that further apprised him of the details of the offense charged. I would find that there were no fatal defects in the indictment and that the trial court abused its discretion in dismissing the action.

{¶ 17} I further disagree with the majority's reliance on *State v. Wisniewski* (Nov. 9, 2000), Cuyahoga App. No. 77152, 2000 WL 1689714. In *Wisniewski*, this court found that an indictment on an ethnic-intimidation charge was defective because it failed to specify the elements of the predicate offense. The court indicated that the degree of the ethnic-intimidation offense was dependent upon the degree of the underlying predicate offense. However, R.C. 2945.75(A)(1)

provides that "[w]hen the presence of one or more additional elements makes an offense one of more serious degree[,] [t]he affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense." Because the failure to specify the degree of the predicate offense for ethnic intimidation would result in a charge for the least degree of the offense, the degree of the predicate offense is not a material element of the crime.

{¶ 18} Further, I would follow the authority cited in this dissent and find that the indictment in this case, which employed substantially the same words of the statute describing the offense of ethnic intimidation, was sufficient to provide Buehner with notice of the offense with which he was charged.