THE STATE OF OHIO, APPELLANT, v. BUEHNER, APPELLEE.

[Cite as State v. Buehner, 110 Ohio St.3d 403, 2006-Ohio-4707.]

---

(No. 2005–1347—Submitted May 10, 2006—Decided September 27, 2006.)

ALICE ROBIE RESNICK, J.

{¶ 1} On April 2, 2004, the appellee, Richard Buehner, was indicted on one count of ethnic intimation in violation of R.C. 2927.12.[1] The predicate offense for the ethnic-intimidation charge against the appellee was R.C. 2903.21, aggravated menacing. Specifically, the indictment stated that the Cuyahoga County Grand Jury found that the appellee "did violate Section 2903.21 of the Revised Code by reason of race, color, religion, or national origin of another person or group of persons."

{¶ 2} The appellee moved to dismiss the indictment as defective because it failed to list the elements of R.C. 2903.21, the underlying offense in the ethnic-intimidation charge. The trial court granted the appellee's motion. The court found that simply naming the statute of the underlying offense as an element of the crime was not proper and, thus, that the indictment did not adequately inform the appellee of the charge against him.

{¶ 3} The appellant, the state of Ohio, appealed the trial court's dismissal to the Court of Appeals for Cuyahoga County. The appellate court held that "using the numerical designation of an applicable criminal statute did not cure the defect in failing to charge all the material elements of a crime" and affirmed the trial court's order. *State v. Buehner,* 161 Ohio App.3d 546, 2005-Ohio-2828, 831 N.E.2d 457, ¶ 5.

{¶ 4} The dissenting member of the appellate panel argued that an indictment that follows the language of the charged offense and identifies a predicate offense

---

1. {¶ a} R.C. 2927.12 provides:

{¶ b} "(A) No person shall violate section 2903.21 * * * of the Revised Code by reason of the race, color, religion, or national origin of another person or group of persons.

{¶ c} "(B) Whoever violates this section is guilty of ethnic intimidation. Ethnic intimidation is an offense of the next higher degree than the offense the commission of which is a necessary element of ethnic intimidation."

need not also list each element of the predicate offense in the indictment. Id. at ¶ 7. The dissenter noted that the indictment set forth the essential elements of the charged offense, one of which is that the appellee violated one of the predicate offenses set forth in R.C. 2927.12. Id. at ¶ 12. The dissent further explained that it is the predicate-offense statute itself, and not the elements of the predicate offense, that is an essential element of the charged primary offense. Id.

{¶ 5} The cause is before this court pursuant to our acceptance of a discretionary appeal.

{¶ 6} The issue presented in this case is whether an indictment that follows the language of the charged offense must also list each element of an underlying offense identified in the indictment. We hold that it need not.

{¶ 7} The purposes of an indictment are to give an accused adequate notice of the charge, and enable an accused to protect himself or herself from any future prosecutions for the same incident. *Weaver v. Sacks* (1962), 173 Ohio St. 415, 417, 20 O.O.2d 43, 183 N.E.2d 373; *State v. Sellards* (1985), 17 Ohio St.3d 169, 170, 17 OBR 410, 478 N.E.2d 781. This court has held:

{¶ 8} "The sufficiency of an indictment is subject to the requirements of Crim.R. 7 and the constitutional protections of the Ohio and federal Constitutions. Under Crim.R. 7(B), an indictment 'may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.'

{¶ 9} "An indictment meets constitutional requirements if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *State v. Childs* (2000), 88 Ohio St.3d 558, 564–565, 728 N.E.2d 379, quoting *Hamling v. United States* (1974), 418 U.S. 87, 117–118, 94 S.Ct. 2887, 41 L.Ed.2d 590.

{¶ 10} Further, we have previously rejected the argument that an indictment is defective for the state's failure to identify the elements of the underlying offense of the charged crime. *State v. Murphy* (1992), 65 Ohio St.3d 554, 583, 605 N.E.2d 884. This court has held that when the indictment sufficiently tracks the wording of the statute of the charged offense, the omission of an underlying offense in the indictment can be remedied by identifying the underlying offense in the bill of particulars. *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 30. Moreover, we expressly held that "there is no requirement that the

indictment demonstrate the basis for the grand jury's findings. The bill of particulars serves this function." Id.

{¶ 11} Therefore, an indictment that tracks the language of the charged offense and identifies a predicate offense by reference to the statute number need not also include each element of the predicate offense in the indictment. The state's failure to list the elements of a predicate offense in the indictment in no way prevents the accused from receiving adequate notice of the charges against him.

{¶ 12} Here, the indictment followed the language of the charged offense, ethnic intimidation in violation of R.C. 2927.12. An element of the offense of ethnic intimidation is that the accused violated one of the predicate offenses identified in the ethnic-intimidation statute by reference to the statute numbers. See R.C. 2927.12(A). In this case, the indictment specifically identified one of the predicate offenses listed in the ethnic-intimidation statute—R.C. 2903.21. As the dissenting member of the appellate panel stated, it is the predicate offense itself and not the elements of the predicate offense that is an essential element of the charged offense. Therefore, the indictment in this case was sufficient to provide the appellee with adequate notice of the charge against him.

{¶ 13} Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

Judgment reversed
and cause remanded.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

MOYER, C.J., and PFEIFER, J., dissent.

_____

MOYER, C.J., dissenting.

{¶ 14} I do not doubt that Richard Buehner had adequate notice of the charge against him. Nevertheless, I believe that the grand-jury requirement found in Section 10, Article I of the Ohio Constitution [2] does not merely guarantee notice and guard against double jeopardy. Section 10 also requires a grand jury to consider every element of a charged offense before issuing an indictment. When an indictment refers to a predicate offense only by statute number, uncertainty exists as to whether the grand jury considered the elements of the underlying offense. Because the indictment in this case offers no support that the grand

_____

2. {¶ a} Section 10, Article I of the Ohio Constitution provides:
    {¶ b} "[N]o person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury."

jury considered—or even was aware of—the elements of R.C. 2903.21, I dissent from the decision of the majority.

{¶ 15} Aggravated menacing, the predicate offense in this case, prohibits a person from knowingly causing another to believe that he or she will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family. R.C. 2903.21(A). The majority holds that the elements of this offense are not "essential element[s]" of R.C. 2927.12, because "it is the predicate offense itself and not the elements of the predicate offense that is an essential element of the charged offense." I disagree with that conclusion.

{¶ 16} To gain a conviction for ethnic intimidation, the state must prove that Buehner violated both R.C. 2927.12 and 2903.21. We should not disregard that fact when considering the sufficiency of the indictment. The grand jury was required to find probable cause that Buehner violated R.C. 2927.12 *and* 2903.21, and the elements of R.C. 2903.21 necessarily constitute essential elements of the crime with which Buehner was charged. These elements were not contained in the indictment, and there is no evidence that the grand jury found probable cause for each of them.

{¶ 17} By exerting minimal additional effort, the state could have set out to the grand jury every element of R.C. 2927.12 and 2903.21. In view of the important constitutional protection at stake, we should require the state to include the elements of a predicate offense in an indictment.

{¶ 18} For the foregoing reasons, I would affirm the judgment of the court of appeals.

PFEIFER, J., concurs in the foregoing dissenting opinion.

———————

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kelley Barnett, Assistant Prosecuting Attorney, for appellant.

David L. Doughten, for appellee.