[Cite as *State v. Copas*, 2012-Ohio-1556.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| DAVID E. COPAS | : | Case No. 11CA000012 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Case No. 10CR159

JUDGMENT:                     Affirmed in Part; Sentence Vacated;
                              Remanded

DATE OF JUDGMENT:             April 4, 2012

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellee

DANIEL G. PADDEN                      KRISTOPHER A. HAINES
139 West Eighth Street                250 East Broad Street
P.O. Box 640                          Suite 1400
Cambridge, OH  43725                  Columbus, OH  43215

*Farmer, J.*

{¶1} On October 27, 2010, the Guernsey County Grand Jury indicted appellant, David Copas, on six counts of rape in violation of R.C. 2907.02(A)(1)(b), one count of rape in violation of R.C. 2907.02(A)(2), and one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31. The six counts of rape under R.C. 2907.02(A)(1)(b) included specifications that the victim was under thirteen years of age and they occurred by force or threat of force, and the R.C. 2907.02(A)(2) count included a specification that it occurred by force or threat of force. Said charges arose from incidents which involved a minor over a continuous course of conduct from August 1999 to June 2007 (the R.C. 2907.02(A)(1)(b) counts) and July 28, 2007 to May 31, 2010 (the R.C. 2907.02(A)(2) count), starting when the minor was five years old.

{¶2} A jury trial commenced on March 29, 2011. The jury found appellant guilty as charged. By judgment entry filed May 3, 2011, the trial court sentence appellant to an aggregate term of eighty-five years to life in prison.

{¶3} Appellant filed an appeal and this matter is now before this court or consideration. Assignments of error are as follows:

I

{¶4} "THE TRIAL COURT VIOLATED MR. COPAS'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN, IN THE ABSENCE OF SUFFICIENT EVIDENCE, THE TRIAL COURT CONVICTED HIM OF THREE OF THE COUNTS OF RAPE UNDER R.C. 2907.02(A)(1)(b), AND THE SOLE COUNT OF RAPE UNDER R.C. 2907.02(A)(2), IN VIOLATION OF MR. COPAS'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES

CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION."

II

{¶5} "MR. COPAS'S INDICTMENT, WHICH CONTAINED NUMEROUS, IDENTICAL OFFENSES WHICH WERE ALLEGED TO HAVE OCCURRED OVER AN EXTENDED PERIOD OF TIME, VIOLATED MR. COPAS'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION."

III

{¶6} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT IMPOSED PRISON SENTENCES AGAINST MR. COPAS WHICH WERE CONTRARY TO LAW, IN VIOLATION OF R.C. 2953.08, AND IN VIOLATION OF MR. COPAS'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION."

IV

{¶7} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED INTO EVIDENCE AT MR. COPAS'S TRIAL SUBSTANTIALLY PREJUDICIAL EVIDENCE OF MR. COPAS'S CHARACTER AND OTHER ACTS, IN VIOLATION OF MR. COPAS'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION."

V

{¶8} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO SUBMIT TO THE JURY LESSER-INCLUDED-OFFENSE INSTRUCTIONS TO THE CHARGED OFFENSES OF RAPE, IN VIOLATION OF MR. COPAS'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION."

VI

{¶9} "TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF MR. COPAS'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION."

I

{¶10} Appellant claims there was insufficient evidence to establish that sexual conduct occurred as to three of the R.C. 2907.02(A)(1)(b) rape counts and the R.C. 2907.02(A)(2) rape count. We disagree.

{¶11} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307. We note the weight to be given to the evidence and the credibility of the witnesses are

issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶12} Appellant was convicted of six counts of rape in violation of R.C. 2907.02(A)(1)(b) and one count of rape under subsection (A)(2) which state the following:

{¶13} "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

{¶14} "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

{¶15} "(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

{¶16} "Sexual conduct" is defined in R.C. 2907.01(A) as follows:

{¶17} " 'Sexual conduct' means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."

{¶18} All six counts of rape charged the sexual conduct as a continuing course of conduct from August 1999 to June 2007 and the subsection (A)(2) count was a continuing course of conduct from July 28, 2007 to May 31, 2010. Appellant challenges

the evidence as to three of the R.C. 2907.02(A)(1)(b) counts and the R.C. 2907.02(A)(2) count.

{¶19} The victim, T.C., testified the sexual conduct began when she was five years old, when she lived in Cambridge. T. at 241-243. The sexual conduct included fellatio and digital penetration of her vagina and happened more than once. T. at 244. After she moved from Cambridge to Byesville on Patricia Drive, the same sexual conduct occurred and appellant ejaculated in her mouth. T. at 245. When traveling on trips with appellant, the same sexual conduct occurred. T. at 246-248. This activity did not stop until T.C. was 13 years old. T. at 248-249. She testified the incidents happened "[a]t least a hundred" times. T. at 268.

{¶20} Clearly, there were three different venues for the sexual conduct that occurred at least a hundred times. T.C. recounted the same pattern of sexual conduct to her counselor, Lonna German. T. at 177-178.

{¶21} Appellant steadfastly denied any sexual conduct with T.C., and claimed she was using the charges as a way to escape his home and her grandmother's abuse, and to move in with her aunt. T. at 515-516, 523, 525. Despite this position, appellant admitted to wanting T.C. to kiss him on the lips, giving T.C. a hickey, and touching her vagina for medical purposes (pinworms). T. at 516, 527-528. Appellant's testimony relative to the pinworms was discounted by the emergency room physician, Michelle Dayton, M.D., who examined T.C. and found no pinworms. T. at 418.

{¶22} The jury was faced with appellant's testimony verses T.C.'s statements and version of events. T.C.'s direct testimony was bolstered by appellant's admissions

of kissing her on the mouth, giving her a hickey, and the discounted version of the pinworm incident.

{¶23} Upon review, we find sufficient evidence, if believed by the trier of fact, to support the convictions.

{¶24} Assignment of Error I is denied.

II

{¶25} Appellant claims the six identical counts of rape in the indictment occurring over an eight year period were insufficient to give him fair notice of the charges. We disagree.

{¶26} An indictment shall " '(1) contain the elements of the charged offense, (2) give the defendant adequate notice of the charges, and (3) protect the defendant against double jeopardy.' " *State v. Pillow,* Greene App. No. 2010-CA-71, 2011-Ohio-4294, ¶28, quoting *Valentine v. Konteh* (C.A.6, 2005), 395 F.3d 626, 631.

{¶27} We note the language of the indictment mirrors the statutory language. In *State v. Horner,* 126 Ohio St.3d 466, 2010-Ohio-3830, ¶11, the Supreme Court of Ohio explained, "[i]n *Buehner* [*State v.,* 110 Ohio St.3d 403, 2006-Ohio-4707], we held that an indictment that tracked the language of the charged offense and identified a predicate offense by statute number but did not include each element of the predicate offense still provided the defendant with adequate notice of the charges against him. Id. at syllabus."

{¶28} The bill of particulars filed November 30, 2010 further defined the charges as follows:

{¶29} "More particularly as to Counts One, Two, and Three of the indictment, the Defendant, DAVID COPAS, on a date certain between the 1st day of August 1999 and the 30th day of June 2007, while present at a location within Guernsey County, Ohio did engage in sexual conduct with a minor child under the age of thirteen years, to-wit: T.C. (DOB: 07/28/1994), having the minor perform oral sex upon him.

{¶30} "More particularly as to Counts Four, Five, and Six of the indictment, the Defendant, DAVID COPAS, on a date certain between the 1st day of August 1999 and the 30th day of June 2007, while present at a location within Guernsey County, Ohio did engage in sexual conduct with a minor child under the age of thirteen years, to-wit: T.C. (DOB: 07/28/1994), by performing oral sex upon the said victim and by touching the vaginal area of said child with his mouth and/or finger(s)/hand.

{¶31} "More particularly as to Count Seven of the indictment, the Defendant, DAVID COPAS, on a date certain between the 28th day of July 2007 and the 31st day of May 2010, while present at a location within Guernsey County, Ohio did purposely compel a victim, to-wit: T.C. (DOB: 07/28/1994), to engage in sexual conduct by force or threat of force, having the victim perform oral sex upon him.

{¶32} "More particularly as to Count Eight of the indictment, on a date certain between the 1st day of August 1999 and the 31st day of May 2010, the Defendant, DAVID COPAS, while present at a location within Guernsey County, Ohio did show/display pornographic images and/or movies on a computer monitor and did present those images and/or movies to a minor, to-wit: T.C. (DOB: 07/28/1994)."

{¶33} We find the adherence to the statutory language and the bill of particulars provided appellant notice of the charges against him.

{¶34} Assignment of Error II is denied.

III

{¶35} Appellant claims the trial court erred in sentencing him to an aggregate term of eighty-five years to life in prison. Specifically, appellant claims he should not have been sentenced to twenty-five years to life on the R.C. 2907.02(A)(1)(b) counts as the penalty did not exist until January 2, 2007 and the evidence did not prove that a violation of R.C. 2907.02(A)(1)(b) occurred after said date.

{¶36} In its judgment entry filed May 3, 2011, the trial court sentenced appellant as follows:

{¶37} "The Court found that Defendant was convicted by a Jury of his peers of the following:

{¶38} "A) Counts One through Six of the Indictment: 'RAPE', in violation of Revised Code Section 2907.02, felonies of the first degree – with the following additional findings:

{¶39} "(i) The Victim, [T.C.], was under the age of 13 at the time of the offense; and

{¶40} "(ii) The Defendant purposely compelled the victim, [T.C.], to submit by force or threat of force.

{¶41} "Said convictions are subject to mandatory indefinite prison terms of 25 years to life imprisonment pursuant to Ohio Revised Code Sections 2907.02, 2929.13(F) and 2971.03."

{¶42} The indictment alleged the rapes occurred between August 1999 and June 2007. Appellant argues some of his convictions for R.C. 2907.02(A)(1)(b)

occurred prior to January 2, 2007 and "it certainly cannot be said that all of Mr. Copas's convictions were based on conduct which occurred between January 2, 2007, and June 30, 2007." Appellant's Brief at 16. Therefore, R.C. 2907.02(B) in effect at the time of his sentencing did not apply and the twenty-five years to life sentences were improper.

{¶43} We note prior to the amendment on January 2, 2007, a defendant found guilty of R.C. 2907.02(A)(1)(b) involving force or threat of force was subject to life imprisonment. See, Former R.C. 2907.02(B). Appellant argues pursuant to 2967.13(A)(5), he would be entitled to parole eligibility after ten years on the offenses he committed prior to January 2, 2007.

{¶44} Upon review, we find the sentencing entry is silent as to the time period of when the six individual R.C. 2907.02(A)(1)(b) counts occurred, before or after January 2, 2007. We hereby vacate the sentence and remand the matter to the trial court for a specific determination as to when each R.C. 2907.02(A)(1)(b) count occurred, before or after January 2, 2007, and to resentence appellant.

{¶45} Assignment of Error III is granted.

IV

{¶46} Appellant claims the trial court erred in permitting prejudicial, irrelevant evidence regarding his character and "other acts." We disagree.

{¶47} The admission or exclusion of evidence lies in the trial court's sound discretion. *State v. Sage* (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶48}  Evid.R. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Evid.R. 402 states, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio."

{¶49}  Appellant argues the trial court should not have permitted testimony as to the various pornographic items seized from his home and evidence of magazines relating to children and young females entitled "Back to School Special" and "Teeny, Tiny Super-Cute-Sex Bomb."  Appellant argues this evidence is contrary to Evid.R. 404(A) which states in pertinent part:

{¶50}  "**(A) Character evidence generally.** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, subject to the following exceptions:

{¶51}  "**(1) *Character of accused.*** Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable."

{¶52}  Count 8 of the indictment charged appellant with disseminating matters harmful to juveniles.  Part of the evidence concerning this count was given by Guernsey County Sheriff's Detective Sam Williams.  He testified as to the pornographic items seized during a search of appellant's residence and in particular, his bedroom.  T. at

363-366, 369-374. T.C. testified that appellant showed her pornographic videos and magazines from his bedroom. T. at 249-250. Further, in order to avoid the admission of any pornographic videos, defense counsel stipulated to the evidence containing material that was obscene and harmful to juveniles. T. at 391-393. Appellant also admitted the pornographic materials were his. T. at 524.

{¶53} The trial court conducted a motion in limine on the items seized and determined only a select group would be admitted into evidence. See, Entry filed March 17, 2011.

{¶54} Upon review, we fail to find any abuse of discretion in admitting the complained of testimony and evidence as they were relevant to Count 8.

{¶55} Appellant also complains of violations of Evid.R. 404(B) which states:

{¶56} "**(B) Other crimes, wrongs or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

{¶57} In his brief at 23, appellant listed the "other acts" testimony he considered irrelevant:

{¶58} "Evidence that Mr. Copas wished to kiss T.C., then a teenager, on the mouth. (Tr. 134-35, 160-61, 233-34, 321-24, 571-72, 594-96);

{¶59} "Evidence that Mr. Copas had asked T.C. and T.S. to 'flash' truck drivers while in his presence, and that Mr. Copas discussed sexual topics with them. (Tr. 192-94, 256-58);

{¶60} "Evidence that Mr. Copas had given T.C. a 'hickey.' (Tr. 253-57, 321-24, 336-38, 571, 595-96);

{¶61} "Evidence that Mr. Copas had physically abused T.C. (Tr. 168-70, 235-36); and

{¶62} "Evidence that Mr. Copas possessed a photograph which depicted T.C. naked at a young age. (Tr. 244-50, 365-68)."

{¶63} We find the complained of testimony to be relevant to prove the manner of control over T.C., and to describe the manner in which the sexual conduct occurred.

{¶64} Upon review, we fail to find any abuse of discretion in admitting the complained of "other acts" testimony as it was relevant to the counts charged.

{¶65} Assignment of Error IV is denied.

V

{¶66} Appellant claims the trial court erred in failing to give a lesser-included offense instruction on attempted rape and/or gross sexual imposition. We disagree.

{¶67} Crim.R. 30(A) governs instructions and states the following:

{¶68} "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court need not reduce its instructions to writing.

{¶69} "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."

{¶70} Appellant did not file a written request for specific jury instructions, and did not object to the trial court's jury instructions. Based upon appellant's failure to proffer instructions or object to the instructions and bring the issue to the trial court's attention for consideration, we must address this assignment under the plain error doctrine. *State v. Williford* (1990), 49 Ohio St.3d 247. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *State v. Long* (1978), 53 Ohio St.2d 91; Crim.R. 52(B). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Long,* at paragraph three of the syllabus.

{¶71} The testimony established the sexual conduct acts consisted of oral sex and digital penetration. These acts do not constitute attempted rape or gross sexual imposition. We do not find any plain error in the giving of the jury instructions.

{¶72} Assignment of Error V is denied.

VI

{¶73} Appellant claims his trial counsel was ineffective in failing to make a Crim.R. 29 motion for acquittal and not requesting a jury instruction on "other acts." We disagree.

{¶74} The standard this issue must be measured against is set out in *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:

{¶75} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

{¶76} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

{¶77} Appellant argues his counsel was deficient in not making a Crim.R. 29 motion for acquittal on the R.C. 2907.02(A)(1)(b) counts. We note defense counsel made such a motion on the subsection (A)(2) count and the trial court denied it. T. at 438-442. Raising the issue on the other counts would have resulted in the same decision and therefore appellant was not substantially prejudiced by defense counsel's failure to make a Crim.R. 29 motion on the R.C. 2907.02(A)(1)(b) counts.

{¶78}  Per our decision in Assignment of Error IV, there was no need for an instruction on "other acts."

{¶79}  Assignment of Error VI is denied.

{¶80}  The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed in part.  The sentence is vacated, and the matter is remanded to said court for further determination (as stated in Assignment of Error III) and resentencing.

Farmer, J.

Delaney, P.J. and

Wise, J. concur.


S / Sheila G. Farmer_____


_S /Patricia A. Delaney_____


_S / John W. Wise_____

JUDGES


SGF/sg 217

[Cite as *State v. Copas*, 2012-Ohio-1556.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DAVID E. COPAS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11CA000012 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed in part. The sentence is vacated, and the matter is remanded to said court for further determination (as stated in Assignment of Error III) and resentencing. Costs to appellant.


S / Sheila G. Farmer_____


S /Patricia A. Delaney_____


S / John W. Wise_____

JUDGES